# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHANTELL SWIFT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-76** |
| | * | |
| **JAMES MEZA, JR., ET AL.** | * | **SECTION "L" (3)** |

## ORDER & REASONS

The Court has pending before it Defendants' Motion for More Definite Statement and/or, Alternatively, Motion to Dismiss (Rec. Doc. 13). The Court has reviewed the motion and Plaintiff's responses and is now prepared to rule.

## I. Background & Procedural History

This dispute, which dates back to 2001, has its origins in *pro se* Plaintiff Chantell Swift's pursuit of a degree in elementary education from the University of New Orleans. Ms. Swift failed to complete the degree requirement of two hundred student-teaching hours because she was barred from New Orleans public schools as a result of a physical altercation with a substitute teacher. (*Chantell Swift v. Mantagnino, et al.*, Case No. 01-3162 (E.D. La. Oct. 23, 2010) ("2001 Case"), Rec. Doc. 32 at 5-7). Accordingly, Ms. Swift was not awarded a degree in elementary education. She argued that she had completed all the requirements for her degree and in 2001 she filed a *pro se* lawsuit against the University of New Orleans and a number of its administrators. Motions to dismiss were filed.

On August 14, 2012, the Magistrate Judge issued a Report and Recommendations recommending dismissal of Plaintiff's claims with prejudice. (2001 Case, Doc. 32). On August

29, 2002, Plaintiff filed objections to that Report and Recommendations. (2001 Case, Doc. 33).

While Plaintiff's objections to the Report and Recommendations were pending before the District Judge, the Magistrate Judge attempted to hold a conference with Plaintiff and counsel for Defendants on August 27, 2002 to discuss a letter from Defendants asserting that Plaintiff had threatened certain individual Defendants. (2001 Case, Rec. Docs. 34, 35). In a minute entry setting the conference, the Magistrate Judge stated that "Plaintiff has been contacted verbally, via telephone, and agreed to the date and time of the conference and will be in personal attendance." *Id.* However, a subsequent minute entry reported that Ms. Swift did not appear at the August 27, 2002 conference:

> Ms. Swift was notified of this conference via telephone and failed to appear. Furthermore, Ms. Swift was aware of the date and time for the meeting, as she called the office of the undersigned this morning and left a cryptic message that she had no intention of appearing.
> Because of the allegations that she has threatened a party and/or witness in this case, it is ordered that Ms. Swift appear before the undersigned on September 4, 2002 at 4:00 p.m. to discuss the allegations contained in the defendant's letter and to show cause why sanctions should not be imposed for her failure to appear on August 27th for a status conference with the Court. Ms. Swift is advised that her failure to appear on the above date and time will result in the issuance of a warrant for her arrest.
> The Marshal is ordered to personally serve Ms. Swift with this minute entry.

(2001 Case, Rec. Doc. 35 at 1-2). A subsequent Order indicates that the September 4, 2002 meeting took place; the Order enjoined Plaintiff from entering the University of New Orleans College of Education "[f]or the reasons stated in open court." (2001 Case, Rec. Doc. 38). No sanctions were ever entered against Plaintiff for failure to appear at any conference.

On September 6, 2002, the United States District Judge issued an Order adopting the Report and Recommendations and granting the motions to dismiss. (2001 Case, Doc. 36). The

2

Order and Reasons was based on "the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, ***and the objections to the Magistrate Judge's Report and Recommendation filed by the plaintiff***." *Id.* (emphasis added). The Order did not refer at all to Plaintiff's failure to appear at any conference. A judgment dismissing the case with prejudice was entered the same day. (2001 Case, Doc. 37).

Plaintiff took no further action in that case for six years. She then sought an injunction, which was denied. (2001 Case, Docs. 39, 40). Plaintiff appealed that denial and the Fifth Circuit affirmed. (2001 Case, Doc. 48).

After another hiatus of over two years, Plaintiff has now filed this new *pro se* lawsuit against the University of New Orleans and other individuals and entities associated with the University of Louisiana System. In her complaint, Plaintiff argues that her original lawsuit "was dismissed without full due process of law in that the court neglected to give written notice leading up to the September 2002 dismissal of the case mentioned," and that defense counsel misinformed the Court regarding the notice Plaintiff received about a hearing. (Rec. Doc. 3 at 1). She seeks relief pursuant to Rule 60(b) because she "did not realize this discrepancy until January 10, 2012." *Id.* (emphasis in original). In the complaint, Plaintiff seems to challenge the original dismissal of her lawsuit and complain that Defendants are "abusing the 2002 judgment in that they continue to harass me as of January 12, 2012." *Id.* at 2. Plaintiff states that she "only want[s] what [she] ha[s] already earned and to be heard in the appropriate hearings." *Id.*

II.     **Present Motion**

On March 15, 2012, Defendants filed a motion for more definite statement and/or, alternatively, motion to dismiss. (Rec. Doc. 13). They argue that certain claims should be

3

dismissed outright pursuant to Rule 12(b)(6), and that Plaintiff's remaining claims should either be dismissed, or Plaintiff should be given another opportunity to clarify the nature of her claims before they are tested under Rule 12(b)(6).

Plaintiff has submitted two responses. (Rec. Docs. 16, 18). In her first response, she reiterates that she brings her motion pursuant to Rule 60 and contends that the original 2002 judgment was issued in violation of her due process rights. She claims that she only recently discovered her nonattendance (in 2002) at the August 27, 2002 conference ordered by the Magistrate Judge. However, the crux of Plaintiff's first response rehashes the substance of the prior suit: that Plaintiff in fact earned a degree in elementary education and that Defendants denied her that degree in violation of her rights. Plaintiff does not clearly articulate any recent conduct by Defendants that independently violated any of her rights.

In her second response, Plaintiff articulates a number of additional points. She states that in 2002 she only received ten days to respond to the Magistrate Judge's Report and Recommendations and that "the time limits regarding response to actions on my case have been changed, and [she] should have received more than ten days according to the recent changes in the Federal Rules of Civil Procedure." (Rec. Doc. 18 at 1). She also argues that her complaint implicates 42 U.S.C. § 1983 because the University "misused law enforcement by summoning them to the immediate area while [she] was attending a meeting to find out why [she] could not obtain a copy of [her] UNO transcripts." *Id.* at 2. Plaintiff also invokes the federal Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, arguing that Defendants have violated that statute by preventing her from accessing her educational transcripts.

**III.   Law & Analysis**

A.  **Standards on Motions for More Definite Statement, Motions to Dismiss, and Motions for Relief from a Judgment or Order**

Defendants' motion and Plaintiff's responses implicate Rules 12(e), Rule 12(b)(6), and Rule 60(b). Rules 12(e) and 12(b)(6) allow different responses to an allegedly deficient pleading. If a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response," a motion for a more definite statement is appropriate. Fed. R. Civ. P. 12(e). But if a pleading clearly fails to state a claim, the remedy is a motion to dismiss pursuant to Rule 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). The "complaint and its proper attachments ... must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 498-99 (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 499. "The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct." *Id.* A *pro se* litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation omitted).

In her complaint and response briefs, Plaintiff expresses her intent to reopen the 2002 judgment in the prior case, and thus argues in terms of Federal Rule of Civil Procedure 60. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" several enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have

> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(c)(1). In addressing a Rule 60(b) motion, the Court considers the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether–if the judgment was a default or a dismissal in which there was no consideration of the merits–the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009) (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357).

**B.     Analysis**

As a threshold matter, Defendants contend that the University of New Orleans is not a proper party to the lawsuit, and that the proper defendant is the Board of Supervisors for the University of Louisiana System. *See* La. Rev. Stat. § 17:3217(9), 17:3351(A)(1). Plaintiff named the Board as an additional Defendant, but that does not make UNO a proper party. Defendants' argument is well-taken and the University of New Orleans must be dismissed as a party.

6

The remaining claims in the complaint, as clarified and amplified by Plaintiff's responses, fall into two categories. First, there is Plaintiff's renewed argument that she is entitled to a degree from the University of New Orleans; this is the claim that was litigated and dismissed with prejudice almost ten years ago. Second, there are claims that apparently arise from Defendants' recent conduct towards Plaintiff, including allegedly denying her access to records and summoning law enforcement personnel. The Court will address each category in turn.

### 1) Plaintiff's Claims Related to the Original 2002 Judgment

Plaintiff articulates four reasons under Rule 60(b) why relief is appropriate from the 2002 judgment denying her original lawsuit pursuing a UNO degree. She argues that 60(b)(1), mistake, and 60(b)(2), newly discovered evidence, warrant relief because she only recently learned that she was required to appear at a hearing but failed to do so. However, relief from a judgment pursuant to 60(b)(1) or (2) must be brought in a motion filed within one year of the judgment. Ten years have passed and relief under 60(b)(1) and (2) is no longer available to Plaintiff.

Alternatively, Plaintiff argues that Rule 60(b) relief is appropriate because the 2002 judgment is void, or because of "changed circumstances." (Rec. Doc. 16 at 1). She contends that the judgment is void because she was denied due process in the earlier case by not being made aware of a hearing or conference date. Plaintiff's argument is without merit for two reasons: first, the record states that the Court directly provided notice to Plaintiff of all relevant conferences and hearings, and second because Plaintiff's nonappearance at the August 27, 2002, conference was entirely unrelated to the dismissal of her case and no consequences or sanctions

followed from that nonappearance.

Although Plaintiff alleges that defense counsel "gave the court misinformation in stating in a written letter to the court ... that the defense gave notice via telephone." (Rec. Doc. 3 at 1), the record reflects that Plaintiff had notice of all conferences. Plaintiff failed to attend the conference on August 27, 2002, but she was aware of that conference because she "called the office of the [Magistrate Judge] this morning and left a cryptic message that she had no intention of appearing." (2001 Case, Rec. Doc. 35). Plaintiff had notice of a September 4, 2002 hearing because the Magistrate Judge ordered that Plaintiff be personally served with notice by the United States Marshal. *Id.* Moreover, the record strongly suggests Plaintiff attended the September 4, 2002 hearing because an arrest warrant would have been issued for nonattendance *Id.* at 2, and because the Magistrate Judge signed an Order on September 4, 2002, memorializing an injunction issued "in open court this date." (2001 Case, Rec. Doc. 38). Thus, there was no meeting or hearing about which Plaintiff did not have notice.

Second, the August 27, 2002 conference which Plaintiff actually failed to attend was not a factor in the dismissal of her case with prejudice. The District Judge did not consider it in connection with its review of Plaintiff's objections to the Report and Recommendations. (2001 Case, Rec. Doc. 36). No sanctions were imposed against Plaintiff for her failure to attend the August 27, 2002 status conference. The record suggests that Plaintiff attended the September 4, 2002 hearing ordered by the Magistrate Judge, and at the very least no sanctions were imposed for nonattendance. Thus, even if a hearing or conference did occur about which Plaintiff was not informed and therefore failed to attend (and the record does not support that conclusion), such nonattendance had no consequences with respect to Plaintiff's case. Plaintiff actually opposed

the Defendants' motions to dismiss and filed objections to the Magistrate's Report and Recommendations; thus, her argument that she should have received more time to file those objections is both legally incorrect and irrelevant.[1] She exercised every opportunity to participate in the case, and thus received due process.

The judgment is not void and Plaintiff has not articulated any "changed circumstances" that have any legal significance. Under these circumstances and after ten years, Rule 60(b) does not permit or warrant relief from the September 6, 2002 Judgment in the 2001 case. As the Fifth Circuit noted in 2009, Plaintiff's "lawsuit was dismissed in 2002, a judgment was entered in defendants' favor, and Swift did not appeal that judgment. She cannot now, some seven years later, attempt to re-litigate those issues by bringing a motion for an injunction seeking the very remedy that she was denied in her original lawsuit." *Swift v. Montagnino*, 351 F. App'x 907, 908 (5th Cir. 2009). Two additional years have only strengthened that reasoning. Thus, Plaintiff's citation to *Hubbard v. John Tyler Community College*, 455 F. Supp. 753 (E.D. Va. 1978), misses the point. However distinguishable her original allegations may be from the facts in *Hubbard*, Plaintiff's claim that her rights were violated by denial of her degree was litigated and resolved ten years ago and there is no basis to revisit the matter. The Judgment in the 2001 case is conclusive of that matter. Defendants' motion to dismiss is granted insofar as the

---

[1] Currently, the Federal Rules of Civil Procedure allow objections to a report and recommendations within 14 days. Fed. R. Civ. P. 72(b)(2). That 14-day period includes Saturdays, Sundays, and legal holidays. Fed. R. Civ. P. 6(a)(1). In 2002, Plaintiff was allowed 10 days to object, but the Rules excluded counting Saturdays and Sundays. Although the method of calculation has changed, Plaintiff would receive the same amount of time to object if the matter were litigated today. *See* Fed. R. Civ. P. 6 advisory comment note to 2009 amendments ("A 14-day period corresponds to the most frequent result of a 10-day period under the former computation method–two Saturdays and two Sundays were excluded, giving 14 days in all."). However, the point is academic because Plaintiff did in fact file her objections, and those objections were considered by the Court.

complaint seeks to revisit whether Plaintiff is entitled to relief in federal court from the denial of her degree in elementary education.

### 2) Plaintiff's Claims Arising from Alleged New Conduct

Plaintiff cannot obtain any relief relating to her original claim that she was improperly denied a degree. The next question is whether Plaintiff has articulated any new claims for relief. The Court has reviewed the complaint and Plaintiff's briefing with the flexibility due to *pro se* pleadings. Read in that light, Plaintiff complains of two recent incidents: an unsuccessful attempt to obtain student records or transcripts from Defendants, and an apparent incident in which law enforcement officers were "summon[ed] to the immediate area while [she] was attending a meeting to find out why [she] could not obtain a copy of [her] UNO transcripts." (Rec. Doc. 18 at 2).

With respect to availability of her transcripts, Plaintiff argues that Defendants' conduct violated the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. FERPA imposes certain requirements regarding educational records on institutions that receive federal funds. However, the Act does not create a private right of action for individuals alleging violations of those requirements. *See* 20 U.S.C. § 1232(g); *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) (holding that FERPA does not create individual rights enforceable through 42 U.S.C. § 1983). Accordingly, as a matter of law Plaintiff cannot state a claim under FERPA for entitlement to her educational records.

With respect to the alleged encounter with law enforcement officials, Plaintiff does not allege many facts surrounding the incident. In her Complaint she alleges: "I am followed by local law enforcement while attending a meeting with Mr. Andy Benoit even though I have <u>not</u>

even attempted to physically harm anyone." (Rec. Doc. 3 at 2) (emphasis in original). In her second response, she states that the University of New Orleans "summoned" law enforcement while she was at a meeting to attempt to retrieve her transcripts. (Rec. Doc. 18 at 2). As best the Court can gather, Plaintiff attempted to obtain copies of her transcripts and law enforcement officials were called to the scene. It should be noted that in the 2001 case, the Court entered an injunction requiring that all of Plaintiff's business with the University of New Orleans College of Education be conducted by mail. (2001 Case, Rec. Doc. 38).

Plaintiff contends that this vague incident violated her rights and she can state a claim under 42 U.S.C. § 1983. But she does not provide any details regarding her interaction with law enforcement officers. She does not allege that she was arrested, detained, searched, or questioned. Throughout the protracted history of this litigation, Plaintiff has not shied from asserting her claims in a forceful manner. If the alleged encounter with law enforcement officials had even arguably involved a search or seizure, or if it implicated any other right protected by the Constitution or federal law, the Court has no doubt that Plaintiff would have stated so. Thus, from the face of the pleading, Plaintiff did not suffer any deprivation of a right, privilege, or immunity secured by the Constitution and laws of the United States in that alleged encounter. There is simply no plausible claim of any violation of any right that can be pursued through 42 U.S.C. § 1983. As a matter of law, this claim fails as well.

Finally, Plaintiff has filed a complaint and two responses to the Defendants' motion. This is adequate opportunity for Plaintiff to attempt to articulate whatever complaints she has. Those complaints do not state any legally cognizable claim for relief from this Court. No purpose would be served by allowing Plaintiff leave to amend.

## IV. Conclusion

Accordingly, for the foregoing reasons,

IT IS ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 1st day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE